IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAWN M. PIRE,                          )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )   Civil Action No. 15-56-E
                                        )
CAROLYN W. COLVIN, ACTING               )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
        Defendant.                      )

O R D E R

AND NOW, this 5th day of November, 2015, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues, in essence, that the Administrative Law Judge ("ALJ") failed to consider significant relevant evidence in making his assessment of Plaintiff's residual functional capacity ("RFC"). Specifically, Plaintiff contends that, because the ALJ's decision did not adequately address certain evidence in the record, the Court cannot determine whether any rejection of potentially relevant evidence was proper. Additionally, Plaintiff alleges that the ALJ erred in concluding that Plaintiff is able to engage in light, rather than sedentary, exertional levels. The Court disagrees with Plaintiff's arguments and finds that the ALJ properly evaluated the relevant evidence presented, and that substantial evidence supports the ALJ's findings, as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, the Court finds no merit in Plaintiff's contention that the ALJ erred in failing to consider certain evidence in formulating Plaintiff's RFC. In particular, Plaintiff argues that the ALJ did not adequately discuss, nor did he assign any weight to, the medical records of treating physician David H. Johe, M.D. Initially, the Court notes that it is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). Moreover, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his] reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007).

It should be noted at the outset that the evidence from Dr. Johe consists only of medical treatment records, and not Dr. Johe's opinion as to Plaintiff's functional capacity, and, therefore, there was no opinion to which the ALJ needed to assign weight. Rather, there were treatment records to be considered by the ALJ. Although he did not mention Dr. Johe by name, the ALJ did address the single one-page treatment note of Dr. Johe in his discussion of the limited medical evidence in the record. (R. 265). And while the ALJ did not specifically cite Dr. Johe's diagnosis, the ALJ did note some of Dr. Johe's findings, including an explanation that Dr. Johe had found that Plaintiff had reasonably normal motor strength. (R. 18). Further, the ALJ noted in his discussion that Plaintiff had numbness and tingling in his left hand and fingers, which also appears to have come from Dr. Johe's notes (although the ALJ attributes this to a later progress note from January, 2012). (R. 275). Ultimately, the ALJ concluded that the "record does not support or reflect the limitations described by the claimant, particularly with regard to his inability to stand for extended periods or his need to nap during the day." (R. 18).

Moreover, the ALJ also discussed the opinion of consultative examiner V. Rao Nadella, M.D. The ALJ noted that Dr. Nadella "found that [Plaintiff] had no limitation of function for sitting, standing or walking and could bend on a frequent basis." The ALJ further stated that Dr. Nadella found that Plaintiff "could lift or grasp about five pounds on a frequent basis and ten pounds on an occasional basis, though his right arm limited [his] ability to perform dexterous movements." (R. 18). In fact, Plaintiff concedes that the ALJ decided to give only "some weight" to Dr. Nadella's opinion because he found it to be not restrictive enough—and that the ALJ actually found Plaintiff to be **more limited** than Dr. Nadella had determined—based on Plaintiff's testimony and the reports of his doctors. (R. 18).

Plaintiff also asserts that, in evaluating the evidence in this case, the ALJ did not adequately take into consideration his allegations of pain. In support of this claim, Plaintiff argues that the ALJ ignored his "testimony regarding his pain, which is well documented by the medical evidence of record." (Doc. No. 9, at 12). The Court finds, however, that the ALJ did in fact properly address the medical evidence, as discussed above, and that he also properly considered Plaintiff's subjective complaints—and ultimately accounted for all of the limitations resulting from Plaintiff's impairments—in forming his RFC determination.

Plaintiff's subjective complaints of pain alone are not sufficient to establish disability. See 20 C.F.R. §§ 404.1529(a), 416.929(a). In evaluating Plaintiff's subjective complaints, the ALJ had to consider, first, whether Plaintiff has a medically determinable impairment that could reasonably be expected to produce the pain or symptoms he alleges. See 20 C.F.R. §§ 404.1529(b), 416.929(b). Once an impairment was found, the ALJ then had to evaluate the intensity and persistence of Plaintiff's symptoms to determine the extent to which those symptoms limit Plaintiff's ability to work. See 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii) (factors relevant to symptoms, such as pain, can include daily activities, medications and medical treatment). In making his determination here, the ALJ explained that he considered the totality of the evidence, including certain factors, which he specifically listed in his decision. (R. 17). However, after describing Plaintiff's medical treatment and subjective claims of pain in connection with his alleged impairments, the ALJ ultimately found that the record did not support or reflect the limitations that Plaintiff alleges. (R. 17-18).

In his decision, the ALJ noted that Plaintiff complained, among other things, that "he could not move his right arm at all and has constant left shoulder pain and numbness." (R. 17). He also stated that Plaintiff complained that he had no grip in his fingers and minimal feeling, and that he could not hold anything or reach with his left arm. (R. 17). The ALJ remarked that Plaintiff also reported that he does no household chores, cannot bathe or dress himself, and naps for 2-3 hours per day. (R. 17-18). The ALJ also noted that Plaintiff does not see a physician for his pain. (R. 17).

Accordingly, the ALJ found that the medical records establish that Plaintiff has deformity of the right arm and left shoulder capsulitis. (R. 14). However, the ALJ reviewed all of the evidence of record, including Plaintiff's Function Report from January, 2012, in which Plaintiff admitted certain abilities which provide support for the RFC conclusion in the ALJ's decision. (R. 18). For instance, according to that report, Plaintiff stated that he "had no problem with

3

personal care, could take care of his children, prepared meals daily, did housework, drove his car, and went grocery shopping." (R. 18). The ALJ found that the Function Report is "completely inconsistent" with Plaintiff's testimony, and noted that, although "the claimant did make additional complaints to his doctors between January of 2012 and the hearing date, there is no evidence supporting such a drastic reduction in the claimant's functional abilities." (R. 18). Thus, the ALJ found, after careful consideration of the evidence, that Plaintiff's "medically determined impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (R. 18).

Therefore, the Court finds that substantial evidence supports the ALJ's evaluation of all the relevant evidence presented in this case. Moreover, throughout his decision, the ALJ clearly considered the evidence in the record and provided discussion of that evidence to support his evaluation. The ALJ eventually concluded that the evidence simply did not support or reflect the limitations described by Plaintiff.

Second, the Court finds that Plaintiff's argument that the ALJ should have confined Plaintiff's RFC to sedentary, as opposed to light, exertional levels lacks merit. It should be noted that, because Plaintiff is a younger individual, he would not be considered disabled under the Medical-Vocational Guidelines, regardless of whether he was limited to light work or sedentary work. See 20 C.F.R. pt. 404, subpt. P, app. 2. Nevertheless, Plaintiff bases his argument on the fact that, at the hearing, there seems to have been some initial confusion on the part of the Vocational Expert ("VE") as to whether the RFC described by the ALJ indicated that Plaintiff was capable of performing light work or sedentary work, with additional specific limitations. The Court notes, however, that the ALJ confirmed that the VE clearly understood all the limitations he found with regard to Plaintiff's RFC, so that the VE could respond appropriately to his questioning as to whether jobs exist in the national economy which Plaintiff could perform. Thus, the ALJ found that Plaintiff was capable of performing light work, **with additional limitations**, and the ALJ expressly included all appropriate limitations in his hypothetical question to the VE. (R. 45-48).

The hypothetical question to the VE must accurately portray the claimant's impairments, but such question need only reflect those impairments that are adequately supported by the record. See Podedworney v. Harris, 745 F.2d 210, 218 (3d Cir. 1984); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). In the case at bar, the Court finds that the ALJ's hypothetical question to the VE fully accommodated the limitations that were supported by the record, which were also properly included in the RFC. (R. 16, 45-46). As discussed, supra, the ALJ accounted for the physical limitations supported by the record when he asked the VE to assume the following:

> [W]e have a hypothetical person that can lift or carry five pounds. Could sit two hours in an eight hour day. Could stand about six hours in an eight hour day. This hypothetical person cannot work in areas of unprotected heights. Around any moving dangerous machinery. Or climb ropes, ladders, or scaffolds. This hypothetical person would have frequent

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 8) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 10) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:　　　Counsel of record

---

> limitations in reaching in all directions with the right upper extremity. Frequent limitations in handling with the right hand. Frequent limitations in fingering with the right hand. Frequent limitations in pushing and pulling with the right upper extremity. Occasional limitations in the ability to reach in all directions with the left upper extremity. Occasional limitations in pushing and pulling with the left upper extremities. Essentially this person could do light work limited to – not to exceed five pounds with the other nonexertional limitations I have assigned.

(R. 45-46). After considering these limitations, the VE testified that such an individual could perform certain light exertion jobs that exist in significant numbers in the national economy, including parking lot attendant and ticket taker. (R. 47-48). Thus, in making his determination, the ALJ relied upon the response to an appropriate hypothetical question that included those limitations, properly portrayed in the RFC, that were supported by the record.

In sum, regardless of the mixed nature of the evidence, the ALJ still included in Plaintiff's RFC significant limitations stemming from his impairments. Furthermore, the ALJ addressed all relevant evidence in the record, including ample consideration of the medical evidence, opinion evidence, and Plaintiff's testimony, and he thoroughly discussed the basis for his RFC finding. After careful review of the record, the Court finds that there is substantial evidence to support the ALJ's assessment of Plaintiff's RFC, and substantial evidence to support the ALJ's weighing of the evidence in reaching his final decision. Accordingly, the Court affirms.